# UNITED STATES DISTRICT COURT
# WESTERN DISTRICT OF TEXAS
# AUSTIN DIVISION

| | |
|---|---|
| DANIELLE ABBOTT-CHADWICK, §<br>*Plaintiff* §<br>§<br>v. §<br>§<br>NATIONAL CREDIT SYSTEMS, §<br>INC., OLD REPUBLIC SURETY CO., §<br>and UEA TT, LLC, §<br>*Defendants* § | Case No. 1:22-cv-01080-DII |

## REPORT AND RECOMMENDATION
## OF THE UNITED STATES MAGISTRATE JUDGE

**TO: THE HONORABLE DISTRICT COURT**

Before the Court are Defendant UEA TT, LLC's Motion to Dismiss under FED. R. CIV. P. 12(b)(6) and Brief in Support, filed March 24, 2023 (Dkt. 30); Plaintiff's Response, filed April 10, 2023 (Dkt. 31); and Defendant's Reply, filed April 26, 2023 (Dkt. 38). The District Court referred the Motion to this Magistrate Judge for Report and Recommendation, pursuant to 28 U.S.C. § 636(b)(1)(B), Federal Rule of Civil Procedure 72, and Rule 1(d) of Appendix C of the Local Rules of the United States District Court for the Western District of Texas ("Local Rules"). Dkt. 32.

## I.  Background

Plaintiff Danielle Abbott-Chadwick brings this unfair debt collection suit against her former landlord, UEA TT, LLC ("UEA"), and National Credit Systems, Inc. ("NCS"), a debt collection corporation. UEA owns the Estates at East Riverside apartment complex in Austin, Texas. Dkt. 17 (First Amended Complaint) ¶¶ 8-9. Plaintiff "broke her lease" in 2021, and "was presented with a 'RESIDENT CHARGES / PAYMENT LEDGER' by [UEA] showing she owed $907.00." *Id.* ¶ 11. After she paid UEA $908, "she was given a document entitled 'Final account statement–

1


revised' showing she had no account balance." *Id.* ¶ 14. Plaintiff alleges that her payment of $908 "settled all claims UEA had against her related to her tenancy." *Id.* ¶ 13.

"At some point," UEA decided that she owed it "more than $7,000 related to her tenancy" and, without notifying her, "placed the alleged debt with NCS for collection." *Id.* ¶¶ 15, 18. Plaintiff alleges that NCS tried to collect the alleged debt from her and reported it to credit reporting agencies; for example, NCS communicated to the TransUnion credit reporting agency that Plaintiff owed $7,362 to UEA. *Id.* ¶ 22. Plaintiff then retained counsel and began to dispute the debt, alleging that she "feared that NCS' communication of false information related to the alleged debt would prevent her from obtaining safe, affordable, and decent housing." *Id.* ¶ 31.

In her First Amended Complaint, Plaintiff alleges that UEA and NCS violated the Texas Debt Collection Act ("TDCA"), Texas Financial Code § 392.304(a)(8), and that NCS also violated the Fair Debt Collection Practices Act ("FDCPA"), 15 U.S.C. §§ 1692 *et seq.*[1]

## II.   Motion to Dismiss

UEA moves to dismiss Plaintiff's sole claim against it for failure to state a claim on which relief can be granted under Rule 12(b)(6).

**A. Legal Standard**

Rule 12(b)(6) allows a party to move to dismiss an action for failure to state a claim on which relief can be granted. In deciding a Rule 12(b)(6) motion to dismiss for failure to state a claim, the court accepts "all well-pleaded facts as true, viewing them in the light most favorable to the plaintiff." *In re Katrina Canal Breaches Litig.*, 495 F.3d 191, 205 (5th Cir. 2007) (citation omitted). The Supreme Court has explained that a complaint must contain sufficient factual matter

---

[1] Plaintiff substituted UEA for AG-Hilltop East Riverside 1300 Property Owner, LP in her First Amended Complaint. On April 14, 2023, the parties filed a Stipulation of Dismissal dismissing this action with prejudice against a third defendant, Old Republic Surety Co. Dkt. 33.

"to state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 678.

> While a complaint attacked by a Rule 12(b)(6) motion to dismiss does not need detailed factual allegations, a plaintiff's obligation to provide the grounds of his entitlement to relief requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do. Factual allegations must be enough to raise a right to relief above the speculative level, on the assumption that all the allegations in the complaint are true (even if doubtful in fact).

*Twombly*, 550 U.S. at 555 (cleaned up). In determining whether a plaintiff's claims survive a Rule 12(b)(6) motion to dismiss, the factual information to which the court addresses its inquiry is generally limited to (1) the facts set forth in the complaint, (2) documents attached to the complaint, and (3) matters of which judicial notice may be taken under Federal Rule of Evidence 201. *Walker v. Beaumont Indep. Sch. Dist.*, 938 F.3d 724, 735 (5th Cir. 2019).

### B. Elements of a TDCA Claim

Plaintiff alleges that UEA violated § 392.304(a)(8) of the TDCA "by mispresenting the character, extent, or amount of a consumer debt." Dkt. 17 ¶ 40. Section 392.304(a)(8) provides:

> in debt collection or obtaining information concerning a consumer, a debt collector may not use a fraudulent, deceptive, or misleading representation that employs the following practices: . . . (8) misrepresenting the character, extent, or amount of a consumer debt, or misrepresenting the consumer debt's status in a judicial or governmental proceeding.

The elements of a cause of action under the TDCA are: (1) the debt is a consumer debt; (2) the defendant is a debt collector within the meaning of the TDCA; (3) the defendant committed a wrongful act in violation of the TDCA; (4) the defendant committed the wrongful act against the plaintiff; and (5) the plaintiff was injured by the defendant's wrongful act. *Williams v. Freedom*

*Mortg. Corp.*, No. 3:22-CV-01973-N, 2023 WL 1806023, at *2 (N.D. Tex. Feb. 7, 2023) (citing TEX. FIN. CODE §§ 392.001-392.404).

UEA argues that Plaintiff fails to allege facts in support of the second through fifth elements. The Court considers each in turn.

### 1. Element Two: Debt Collector

UEA argues that it does not meet the statutory definition of a "debt collector" and Plaintiff alleges no agency relationship between it and NCS.

Under the TDCA, a debt collector is "a person who directly or indirectly engages in debt collection." *Id.* § 392.001(6). This definition includes creditors attempting to collect their own debts. *Boles v. Moss Codilis, LLP*, No. SA-10-CV-1003-XR, 2011 WL 2618791, at *4 (W.D. Tex. July 1, 2011); *Burton v. Prince*, 577 S.W.3d 280, 291 (Tex. App.—Houston [14th Dist.] 2019, no pet.). A creditor is "a party, other than a consumer, to a transaction or alleged transaction involving one or more consumers." TDCA § 392.001(3).

The Court finds that Plaintiff plausibly alleges that UEA is a debt collector because it sought to collect its own debt indirectly. The Court thus need not address UEA's argument that Plaintiff fails to plead facts in support of an agency relationship between UEA and NCS.

### 2. Element Three: Wrongful Act

UEA argues that NCS performed the debt collection activity alleged by Plaintiff, and there "are no basic factual allegations showing how, when, or where UEA misrepresented the 'character, extent, or amount of a consumer debt.'" Dkt. 30 at 3. Plaintiff responds that UEA violated the TDCA's prohibition against "misrepresenting the character, extent, or amount of a consumer debt" by "affirmatively mispresent[ing]" to the debt collector the amount she owed. Dkt. 31 at 5.

4

For a statement to constitute a misrepresentation under the TDCA, the debt collector must have made an affirmative statement that was false or misleading. *Thompson v. Bank of Am. Nat'l Ass'n*, 783 F.3d 1022, 1026 (5th Cir. 2015). The Court finds that Plaintiff's allegations that UEA misrepresented the amount she owed and "turned over this nonexistent debt to a debt collector" states a claim under § 392.304(a)(8). *See Johnson v. Wells Fargo Bank, NA*, 999 F. Supp. 2d 919, 933 (N.D. Tex. 2014) ("A collection notice or balance statement misstating the amount owed on a debt constitutes a misleading assertion regarding the amount of that debt under the TDCA."); *see also McCaig v. Wells Fargo Bank (Texas), N.A.*, 788 F.3d 463, 480-81 (5th Cir. 2015) (collecting Texas state court cases recognizing that inaccurate records of debt may lead to liability under § 392.304(a)(8)). The Court also finds that these actions were "directed against" Plaintiff because UEA sought to recover a debt from her and the statute encompasses indirect debt collection.

### 3. Element Four: Injury

UEA argues that Plaintiff has not alleged a legally cognizable injury. Under Texas law, mental anguish is a form of "actual damages." *McCaig v. Wells Fargo Bank (Texas), N.A.*, 788 F.3d 463, 473 (5th Cir. 2015) (citing *Bentley v. Bunton*, 94 S.W.3d 561, 604 (Tex. 2002)). To recover mental anguish damages, a "plaintiff must put on evidence showing the nature, duration, and severity of their mental anguish, thus establishing a substantial disruption in the plaintiffs' daily routine, or showing a high degree of mental pain and distress that is more than mere worry, anxiety, vexation, embarrassment, or anger." *Id.* at 482 (cleaned up). Plaintiffs need not show that mental anguish resulted in physical symptoms. *Id.*

UEA relies on *Brown v. Enter. Recovery Sys., Inc.*, No. 02-11-00436-CV, 2013 WL 4506582, at *10 (Tex. App.—Fort Worth Aug. 22, 2013, pet. denied), in which the Texas Second Court of Appeals affirmed a trial court's directed verdict for the defendant because the plaintiff did not

5

provide evidence of mental anguish beyond mere worry, anxiety, vexation, embarrassment, or anger. At the motion to dismiss stage, however, the Court finds Plaintiff's allegations that she experienced feelings of despair and helplessness and feared that she would be prevented from obtaining housing are sufficient to plausibly state a claim for mental anguish damages under the TDCA. *See Hinojosa v. Wells Fargo Bank, N.A.*, No. 4:19-CV-3419, 2020 WL 12573277, at *3 (S.D. Tex. Dec. 4, 2020) (holding that allegations of stress, anxiety, and insomnia were sufficient to meet the low burden to state a claim).

### 4. Fifth Element: Injunctive Relief

Finally, UEA argues that "any request for injunctive relief is now moot and would otherwise apply to the actions of NCS, not UEA." Dkt. 30 at 4 n.2. Plaintiff did not respond to this argument.

To obtain injunctive relief for past conduct, "a plaintiff must demonstrate either continuing harm or a real and immediate threat of repeated injury in the future." *Bauer v. Tex.*, 341 F.3d 352, 358 (5th Cir. 2003). The Court finds that Plaintiff fails to plausibly allege that UEA continues to harm her or that there is a real and immediate threat of future injury and recommends that her claim for injunctive relief against UEA should be dismissed.

### III.   Leave to Amend

In her Response, Plaintiff requests leave to file an amended complaint if the Court finds her pleadings deficient. Rule 15(a)(2) provides that Courts should freely grant leave to amend when justice so requires. Courts often afford plaintiffs at least one opportunity to cure pleading deficiencies before dismissing a case unless the defects are incurable. *Great Plains Tr. Co. v. Morgan Stanley Dean Witter & Co.*, 313 F.3d 305, 329 (5th Cir. 2002). Granting leave to amend "is especially appropriate . . . when the trial court has dismissed the complaint for failure to state a claim." *Id.* (quoting *Griggs v. Hinds Junior Coll.*, 563 F.2d 179, 180 (5th Cir. 1977).

Plaintiff neither submits a proposed amended complaint nor describes any other facts she would plead to cure the defects in her claim for injunctive relief. Without a proposed amended complaint, the Court cannot assess whether amendment is warranted. *See Edionwe v. Bailey*, 860 F.3d 287, 294 (5th Cir. 2017) (holding that leave to amend is not required where movant fails to inform court of facts it would plead in amended complaint to cure any deficiencies); Local Rule CV-7(b) (requiring that an executed copy of proposed pleading be filed as an exhibit to motion for leave). Accordingly, the Court recommends that the District Court deny without prejudice Plaintiff's request to amend.

### IV.    Recommendation

For these reasons, this Magistrate Judge **RECOMMENDS** that the District Court **GRANT IN PART and DENY IN PART** Defendant UEA TT, LLC's Motion to Dismiss under FED. R. CIV. P. 12(b)(6) and Brief in Support (Dkt. 30). The Court recommends that the District Court dismiss Plaintiff's claim for injunctive relief against UAE and deny the motion in all other respects.

The Court further **RECOMMENDS** that the District Court **DENY** Plaintiff's request for leave to amend without prejudice.

It is **ORDERED** that the Clerk **REMOVE** this case from the Magistrate Court's docket and **RETURN** it to the docket of the Honorable District Court.

### V.    Warnings

The parties may file objections to this Report and Recommendation. A party filing objections must specifically identify those findings or recommendations to which objections are being made. The District Court need not consider frivolous, conclusive, or general objections. *See Battle v. United States Parole Comm'n*, 834 F.2d 419, 421 (5th Cir. 1987). A party's failure to file written objections to the proposed findings and recommendations contained in this Report within fourteen

7

(14) days after the party is served with a copy of the Report shall bar that party from de novo review by the District Court of the proposed findings and recommendations in the Report and, except on grounds of plain error, shall bar the party from appellate review of unobjected-to proposed factual findings and legal conclusions accepted by the District Court. *See* 28 U.S.C. § 636(b)(1); *Thomas v. Arn*, 474 U.S. 140, 150-53 (1985); *Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415, 1428-29 (5th Cir. 1996) (en banc).

   **SIGNED** on May 31, 2023.

                                      _____
                                      SUSAN HIGHTOWER
                                      UNITED STATES MAGISTRATE JUDGE